IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Civil Action No.

5:11-cv-110

FILED
STATESVILLE, N.C.

AUG 1 1 2011

U.S. District Court
Western District of N.C.

Matt Jenkins )
)
    Plaintiff, )
)
vs. )  **COMPLAINT**
)  JURY TRIAL DEMANDED
McCarthy, Burgess & Wolff, Inc )
)
    Defendant )
)

**Plaintiff alleges as follows:**

## INTRODUCTION

This is an action for damages and injunctive relief under the Telephone Consumer Protection Act (hereinafter, "TCPA") as found in 47 U.S.C. §227, et. seq.; the Fair Debt Collection Practices Act (hereinafter, "FDCPA") as found in 15 U.S.C. §1692, et. seq.; for Prohibited Practices by Collection Agencies Engaged in the Collection of Debts from Consumers as found in N.C. Gen. Stat. §58-70,

## THE PARTIES

1. Plaintiff, Matt Jenkins, is a natural person that resides in Mooresville, North Carolina

2. Plaintiff is a person as defined in 47 U.S.C. §153(32), a consumer as defined in 15 U.S.C. §1692a(3), and a consumer as defined in N.C. Gen. Stat. §58-70-90(2)

3. Upon information and belief, Defendant, McCarthy, Burgess & Wolff, Inc, is a business entity with a principal business office located in Ohio as listed with the North Carolina Secretary of State.

4. Defendant, McCarthy, Burgess & Wolff, Inc, is a "person" as defined in 14 U.S.C. §153(32), a "debt collector" as defined in 15 U.S.C. 1692a(6), and a "collection agency" as defined in N.C. Gen. Stat. §58-70-90(1)

## JURISDICTION

5. Jurisdiction of this Court arises under 28 U.S.C. §1332(a).

6. The Plaintiff and the Defendant are located in different states and the matter in controversy exceeds $75,000.

7. Jurisdiction of this Court concurrently arises under 15 U.S.C. §1692k(d).

## FACTUAL ALLEGATIONS

8. Beginning on or about July 1, 2010, thru August 31, 2010, the Defendant placed telephone calls to the Plaintiffs cellular telephone, (562) 882-0300, using an automatic telephone dialing system or an artificial or prerecorded voice.

9. The Defendant did not obtain express consent from the Plaintiff prior to placing the subject calls to the Plaintiffs cell phone (562) 882-0300.

10. The Defendant did not place the subject telephone calls to the Plaintiff's telephone for an emergency purpose.

11. The Defendant placed the aforementioned telephone calls to the Plaintiff's telephone knowingly and/or willfully with an autodialer or an artificial or prerecorded voice

12. The Defendant, by placing the subject telephone calls to the Plaintiff's cellular telephone, caused him to incur costs directly attributable to the subject telephone calls.

13. During some of the calls the Defendant placed to the Plaintiff, the Defendant would not transmit their caller i.d. telephone number or they would intentionally block their telephone number from being transmitted.

14. The Defendant abandoned and/or hung up on the Plaintiff during some of their telephone calls.

15. During the subject time frame, the Plaintiff repeatedly communicated to the Defendant to cease placing telephone calls to the Plaintiff's cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

16. After previously requesting that the Defendant remove the Plaintiff's cell phone number from their autodialer, the Defendant still continued to place calls to the Plaintiff's cell phone with an autodialer or an artificial or prerecorded voice for the purpose of harassment

17. During the subject time frame, in its messages left on the Plaintiff's telephone (562) 882-0300, the Defendant failed to disclose that the communications were from a debt collector.

18. In speaking with the Defendant during the subject time frame, the Defendant stated to the Plaintiff that the alleged original creditor for the account that they were attempting to collect had charged off the account onto the Plaintiff's personal credit report. Upon information and belief, the account was not listed on the Plaintiff's credit report nor was it communicated to the Defendant by the original creditor that it was listed on the Plaintiff's credit report. The Defendant made this false statement to the Plaintiff in an attempt to coerce payment from the Plaintiff on an account that he did not owe.

19. The statute of limitations for a credit card account in North Carolina is 3 years. Upon information and belief the subject account(s) that the Defendant was attempting to collect were/are time-barred based on the Defendants own records.

20. In their repeated collection attempts, not once did the Defendant disclose to the Plaintiff the nature and consequences of affirming or acknowledging any debt barred by the statute of limitations and the fact that the Plaintiff was not legally obligated to make any affirmation or acknowledgment of a time-barred debt under North Carolina law.

21. Upon information and belief, the Defendant was attempting to collect on an account which was used primarily for personal or household purchases allegedly owed by the Plaintiff.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE TCPA

22. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein.

23. Under 47 U.S.C. § 227(b)(1)(A)(iii), it is unlawful for any person within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

24. Under 47 U.S.C. § 227(b)(3), et. seq., the Plaintiff has a private right of action for violations of 47 U.S.C. § 227(b)(1)(A)(iii).

25. The TCPA is a strict liability statute.

26. The Defendant placed calls during the subject time frame which contained violations of 47 U.S.C. § 227(b)(1)(A)(iii).

27. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to statutory damages of not less than $500.00 per violation, and up to $1500.00 per violation.

28. Under 47 U.S.C. § 227(b)(3), et. seq., Plaintiff is entitled to injunctive relief.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

29. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

30. Defendant called Plaintiff's cellular telephone during the subject time frame leaving messages without disclosing that the communication was from a debt collector in violation of North Carolina General Statute § 58-70-110(2)

31. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

32. As a result of Defendants violations of the North Carolina General Statute § 58-70-110(2), Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## THIRD CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

33. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

34. After being requested to stop placing calls to the Plaintiff's cellular telephone, the Defendant continued to place calls to the Plaintiff's cellular telephone for the purpose of harassment violating North Carolina General Statute § 58-70-100(3) and/or North Carolina General Statute § 58-70-115

35. As a result of Defendants violations of the North Carolina General Statute § 58-70-100(3) and/or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b)

## FOURTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

36. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

37. The Defendant's placing of telephone calls to the Plaintiff's cellular telephone number without his prior express consent through the use of an automatic telephone dialing system and/or a prerecorded message player was in violation of North Carolina General Statute § 58-70-100 and/or North Carolina General Statute § 58-70-115

38. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

39. As a result of Defendants violations of the North Carolina General Statute § 58-70-100 and/or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## FIFTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

40. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

41. The Defendant's failure to disclose to the Plaintiff, the nature and consequences of affirming or acknowledging any debt barred by the statute of limitations and the fact that the Plaintiff was not legally obligated to make any affirmation or acknowledgment of a time-barred debt was an act of "unfair practices" in debt collection under North Carolina General Statute § 58-70-115(1)

42. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

43. As a result of Defendants violations of North Carolina General Statute § 58-70-115(1), Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation for each collection attempt pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## SIXTH CAUSE OF ACTION
## VIOLATION OF THE NORTH CAROLINA DEBT COLLECTION STATUTES

44. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

45. The Defendant's false and deceptive statements during the parties telephone conversation was a violation of North Carolina General Statute § 58-70-110 and/or North Carolina General Statute § 58-70-115

46. Defendant's acts constitute unfair and deceptive acts and practices in the area of commerce under North Carolina General Statute § 75-1.1

47. As a result of Defendants violations of the North Carolina General Statute § 58-70-110 and/or North Carolina General Statute § 58-70-115, Plaintiff is entitled to statutory damages in the amount of up to $ 4000.00 per violation pursuant to North Carolina General Statute § 58-70-130(b) and reasonable attorney fees in bringing this action pursuant to North Carolina General Statute § 75-16.1

## SEVENTH CAUSE OF ACTION
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

48. Plaintiff incorporates by reference the allegations contained in the preceding paragraphs as though fully set forth herein

49. Defendant's communications violated the (F.D.C.P.A.) 15 U.S.C. § 1692 et seq. by:

    a. using false, deceptive, or misleading representations to Plaintiff in connection with debt collection in violation of 15 U.S.C. § 1692e

    b. using unfair or unconscionable means to attempt to collect a debt or an alleged debt in violation of 15 U.S.C. § 1692f

    c. failing to include the notice that the communication was from a debt collector in violation of 15 U.S.C. § 1692e(11)

    d. causing charges to be made to the Plaintiff in the Defendant's attempt to collect a debt or alleged debt in violation of 15 U.S.C. § 1692f(5)

    e. using unfair or unconscionable means in an attempt to collect a debt or an alleged debt including the use of an automatic telephone dialing system or prerecorded/artificial voice without the consent of the called party in violation of 15 U.S.C. § 1692d and/or 15 U.S.C. § 1692f

    f. causing the telephone to ring or engaging any person in telephone conversations repeatedly in violation of 15 U.S.C. § 1692d(5)

    g. violating the North Carolina Collection Agency Act in violation of 15 U.S.C. § 1692f

50. As a result of Defendants violations of the F.D.C.P.A., the Plaintiff is entitled to actual damages pursuant to 15 U.S.C. §1692k(a)(1), statutory damages of up to $1000.00 per action pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. §1692k(a)(3)

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff's pray that judgment be entered against the Defendants:

1. For $1500.00 per violation of the TCPA;

2. For $1000.00 for violation of the FDCPA;

3. For an Order enjoining Defendant from placing any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

4. For an award of statutory damages of $ 4000.00 per violation of the North Carolina Debt Collection Statutes pursuant to North Carolina General Statute § 58-70-130(b)

5. Costs, and attorney's fees pursuant to North Carolina General Statute § 58-70-130(a), North Carolina General Statute § 75-16, 47 USC 227(b)(3)(C), 15 U.S.C. 1692k(a), and;

6. award such other and further relief as the Court deems just and proper under the circumstances

DATED: 8/10/2011

*(signature)*

W. Andrew LeLiever
N.C. State Bar No: 37384
LELIEVER LAW, P.A.
5 W. Hargett St., Ste. 210
Raleigh, NC 27601
Telephone: 919-906-4687
Email: lelieverlaw@hotmail.com
Counsel for Plaintiff